# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1997

FILED

**May 14, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9608-CR-00300** |
| | ) | |
| Appellee, | ) | |
| | ) | **SULLIVAN COUNTY** |
| **V.** | ) | |
| | ) | **HON. R. JERRY BECK, JUDGE** |
| **JOHN MILLER, JR.** | ) | |
| | ) | **(FELONY RECKLESS** |
| Appellant. | ) | **ENDANGERMENT)** |

**FOR THE APPELLANT:**                        **FOR THE APPELLEE:**

**LAURA RULE HENDRICKS**                 **JOHN KNOX WALKUP**
Eldridge, Irvine & Hendricks            Attorney General & Reporter
606 W. Main Street, Suite 350
P.O. Box 84                                       **MICHAEL J. FAHEY, II**
Knoxville, TN 37901-0084              Assistant Attorney General
(On Appeal Only)                             450 James Robertson Parkway
                                                        Nashville, TN 37243-0493

**STEPHEN M. WALLACE**                   **GREELEY WELLS**
District Public Defender                   District Attorney General

**TERRY L. JORDAN**                          **I.T. COLLINS, JR.**
Assistant Public Defender               Assistant District Attorney General
P.O. Box 839                                     P.O. Box 526
Blountville, TN 37617-0839            Blountville, TN 37615-0526
(At Trial and On Appeal)

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, John Miller, Jr., appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's order denying his "Motion for Relief from Fine and Court Costs". We affirm the judgment of the trial court.

The Defendant was indicted by the grand jury of Sullivan County for the offense of reckless endangerment. Following a jury trial, he was found guilty as charged and the trial court sentenced the Defendant to serve two (2) years in the Tennessee Department of Correction. In addition, the Defendant was fined $500.00 and ordered to pay court costs. The sentence was imposed and judgment was entered on April 13, 1995. The Defendant appealed to this Court from the judgment of the trial court entered on April 13, 1995, challenging the sufficiency of the evidence to support his conviction and arguing that the sentence was excessive. The judgment of the trial court regarding his conviction and sentencing was affirmed in an opinion released by this Court on March 11, 1997. State v. John Miller, Jr., No. 03C01-9512-CC-00382, Sullivan County (Tenn. Crim. App., Knoxville, filed March 11, 1997).

On February 14, 1996, the Defendant filed with the trial court of Sullivan County a "Motion for Relief from Fine and Court Costs," requesting the trial court to "suspend the fine and court costs in this matter." Following a hearing, the trial court denied the motion and Defendant filed a timely appeal from that order.

In regard to the Defendant's motion as it pertained to the court costs, we recognize that Tennessee Code Annotated section 40-25-129 provides certain exceptions to the general rule that a Defendant convicted of a criminal offense must pay all of the court costs. One of the exceptions is where the Defendant has been convicted in a court of record and the trial court has made a finding at "any evidentiary hearing that the defendant is indigent and remains indigent at the time of conviction." Id. Whether or not the motion as it pertained to the court costs was filed too late to be considered by the trial court, our Supreme Court has held that the mere fact a defendant is indigent does not require the trial court to waive payment of court costs by the defendant. State v. Black, 897 S.W.2d 680, 683 (Tenn. 1995). Furthermore, the Supreme Court in Black held, "The decision of whether to grant a waiver of costs still rests within the [trial] court's discretion; and that decision cannot be reversed in the absence of evidence in the record which indicates that 'such discretion has been explicitly abused to the great injustice and injury of the party complaining.'" 897 S.W.2d at 684.

At the hearing on the Motion for Relief from Fine and Court Costs, the total amount of fine and costs owed as of the date of the hearing was $1,147.00. Prior to incarceration, the Defendant was receiving Social Security payments in the amount of $900.00 per month. He was mistakenly paid during the time he was incarcerated in the amount of $6,300.00. When the mistake was found, he was required to repay the $6,300.00. Defendant was apparently able to make a lump sum payment of approximately $3,000.00, with the balance of $3,300.00 to be paid over a period of time by a $100.00 reduction per month in the benefit payments to him. The Defendant was unable to satisfactorily explain

to the trial court what he had purchased or how he had otherwise disposed of the $3,300.00 which he could not pay back to Social Security in a lump sum payment. The trial court decided that the Defendant had the burden of establishing his inability to pay the court costs. After a thorough review of the record, we are unable to hold that the trial court abused its discretion in denying the Defendant's motion to waive the court costs.

A fine imposed upon a Defendant following conviction is a part of the sentence received by the Defendant, and as our Supreme Court held in State v. Bryant, 805 S.W.2d 762, 765, (Tenn, 1991). "It is clear that the trial judge has the power to impose any fine which does not exceed the fine fixed by the jury, and to reduce, suspend, or release fines." The Defendant, on the direct appeal from his conviction, did not challenge the fine.

Rule 35 of the Tennessee Rules of Criminal Procedure allows a trial court to reduce a sentence for a defendant sentenced to the Tennessee Department of Correction, but a motion to the court to reduce the sentence under Rule 35 must be filed within 120 days after the date the sentence is imposed. The Rule specifically provides that "[no] extension shall be allowed on the time limitation." T.R.Cr.P. 35. Since a fine is a part of the sentence, State v. Bryant, id. application for a reduction in the fine must be filed within 120 days. In this case, the application was filed approximately six (6) months after the deadline imposed by Rule 35 of the Tennessee Rules of Criminal Procedure.

However, Tennessee Code Annotated section 40-24-102 provides that there is no deadline for a Defendant to seek relief from the trial court

regarding reduction of a fine. Under this statute, a fine can be released in whole or in part only for good cause. For the reasons stated above in this opinion, we hold that the Defendant did not meet his burden of establishing good cause for his fine to be reduced.

We therefore affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
JERRY L. SMITH, Judge